CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
2/5/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MARK LEE PAULER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:19-cv-00025 |
| WESTERN STATE HOSPITAL, COCAINE COWBOY, and MR. DUFFREY, | ) By: Elizabeth K. Dillon<br>) United States District Judge |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pro se plaintiff Mark Lee Pauler has sued Western State Hospital (WSH) and two people identified as "Cocaine Cowboy" and "Mr. Duffrey." Pauler was involuntarily admitted to WSH for inpatient mental health treatment, during which time Pauler alleges that he was assaulted by these individuals. (*See* Compl., Dkt. No. 1.) WSH moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1), (6). For the reasons stated below, the court will grant WSH's motion. The court will also dismiss the claims brought against the two individuals named in Pauler's complaint, even though they have not been properly served. *See* 28 U.S.C. § 1915(e)(2)(B).

I. BACKGROUND

WSH is a state-owned facility under the control of the Department of Behavioral Health and Developmental Services (DBHDS). Virginia Code § 37.2-300 *et seq*. Pauler was admitted to WSH on February 6, 2019, pursuant to a temporary detention order by the General District Court of Page County dated February 5, 2019. He was then civilly committed to the custody of the DBHDS Commissioner for inpatient mental health treatment by the General District Court of the City of Staunton on February 8, 2019. Pauler's inpatient treatment was continued through orders entered

March 6, April 5, and May 1, 2019. On May 8, 2019, the General District Court of the City of Staunton ordered Pauler to undergo mandatory outpatient treatment, and Pauler was discharged on that date. (Dkt. No. 17-1.)

Pauler's complaint alleges "negligence" and states that WSH was "warned many day[s] prior to the assault and battery malicious wounding." (*See* Compl.) No further details about the incident are provided in the complaint. (*Id.*)[1] He requests $250,000 in monetary damages and an award of injunctive relief "by April 30, 2019." (*Id.* part V.)

After filing this action, Pauler requested and was granted leave to proceed in forma pauperis. (Dkt. No. 6.) The order directed Pauler to complete and return a summons and USM-285 form for each named defendant. (*Id.*) The United States Marshal attempted service, and an individual at WSH initially accepted service on behalf of all three defendants. (Dkt. Nos. 12–14.) WSH, however, does not have a patient or an employee named "Mr. Duffrey," and it has no knowledge of an individual known as "Cocaine Cowboy." Thus, WSH filed a notice of insufficient process and insufficient service of process with respect to these individuals. (Dkt. No. 15.)

II. ANALYSIS

**A. Standard of Review**

When a defendant argues that a complaint fails to allege facts establishing subject matter jurisdiction, the motion under Rule 12(b)(1) is evaluated using the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Allen v. Tri-Lift N.C., Inc.*, 1:19cv851, 2020 WL 70984, at *1 (M.D.N.C. Jan. 7, 2020) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . .

---

[1] In his response to WSH's motion to dismiss, Pauler states that Jeffrey Duffrey punched him in the nose and a person calling himself the "Cocaine Cowboy" hit Pauler in the neck. (Dkt. No. 20.) On March 8, 2019, an x-ray showed that Pauler had a nondisplaced nasal bone fracture. (Dkt. No. 17-2.)

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and all reasonable inferences must be drawn in the plaintiff's favor. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Pauler's pro se complaint is entitled to a liberal construction. *Erickson*, 551 U.S. at 94. Even so, the court is not obliged to become an advocate for the unrepresented party, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B. Western State Hospital**

WSH argues that Pauler's complaint should be dismissed because WSH is protected from suit by the Eleventh Amendment and further because Pauler's complaint fails to state a claim upon which relief can be granted. WSH is correct that it is an arm of the state entitled to Eleventh Amendment immunity. *See Herring v. Cent. State Hosp.*, No. 3:14-cv-738-JAG, 2015 WL 4624563, at *3 (E.D. Va. July 29, 2015) ("The Eleventh Amendment protects CSH, a state-owned hospital, from suit.") (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–30 (1997)). To the extent that Pauler is seeking injunctive relief, the *Ex parte Young* exception, under which a plaintiff may seek prospective, injunctive relief against state officials for ongoing violations of federal law, does not apply to state agencies. *Id.* (citing *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012)). Therefore, Pauler's claims against WSH are dismissed for lack of subject matter jurisdiction. *See Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474 (4th Cir. 2015) (finding that the court must "first determine whether the Eleventh Amendment" bars a claim before proceeding to determine whether it states a claim under Rule 12(b)(6)).

### C. Duffrey and the "Cocaine Cowboy"

Mr. Duffrey and the "Cocaine Cowboy," as mentioned above, have not been properly served, and after notice, the court can dismiss such claims without prejudice for improper and untimely service. Fed. R. Civ. P. 4(m).

As a litigant proceeding in forma pauperis, however, Pauler's claims are subject to dismissal if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant immune from such relief. § 1915(e)(2)(B)(i)–(iii); *Williams v. Lynchburg Soc. Servs.*, No. Civ.A. 6:06-CV-00012, 2006 WL 1075092, at *1 (W.D. Va. Apr. 21, 2006) ("Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court may order the sua sponte dismissal of in forma pauperis cases for failure to state a claim before the action is served upon the defendant."). It is apparent that these individuals—who are unknown and not employees of the hospital—were not acting under color of law, as is required to maintain an action under 42 U.S.C. § 1983. *See Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) ("The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'") (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Pauler's complaint fails to state a federal cause of action against Mr. Duffrey or the "Cocaine Cowboy."

Therefore, instead of giving notice of improper service, and instead of using more court resources to attempt to effect service, the court will dismiss Pauler's claims against these individuals and dismiss this matter in its entirety.

### III. CONCLUSION

For these reasons, the court will grant WSH's motion to dismiss and dismiss the remaining

claims against the two individuals named for failure to state a claim. The court will issue an appropriate order.

Entered: February 5, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge